MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JEFF ALBERTS (JA-9809)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA            :
                                    :
            -v.-                    :     VERIFIED COMPLAINT
                                    :
$75,480.00 IN UNITED STATES         :
CURRENCY,                           :     08 Civ.
                                    :
            Defendant-in-rem.       :
                                    :
------------------------------------X

    Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

I. JURISDICTION AND VENUE

    1.  This action is brought pursuant to Title 21, United States Code, Section 881 by the United States of America seeking the forfeiture of $75,480.00 in United States currency ("defendant-in-rem currency").

    2.  This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355. Venue is proper under Title 28, United States Code, Section 1355(a) because the actions giving rise to forfeiture took place in the Southern District of New York and the defendant-in-rem currency was found

and seized in the Southern District of New York.

3. The defendant-in-rem currency is presently in the custody of the United States Customs and Border Protection.

## II. PROBABLE CAUSE FOR FORFEITURE

4. On April 26, 2008, members of the New York Police Department ("NYPD") Fugitive Apprehension Team and the 90th Precinct Detective Squad went to Andy Mosquea's ("MOSQUEA") residence at 20 Avenue D, Apt. No. 2D, New York, New York 10009 (the "MOSQUEA Residence") to conduct a follow-up investigation in connection with a prior assault charge against MOSQUEA.

5. Once at the MOSQUEA Residence, an NYPD officer knocked on the door of the MOSQUEA Residence and announced that "Police" were at the door. At that time, nobody answered the door.

6. Shortly thereafter, an NYPD officer observed a black backpack be thrown from a second floor window of the MOSQUEA Residence to an individual on the street. This NYPD officer approached the individual who had obtained the backpack. The individual stated that the backpack did not belong to him.

7. An NYPD officer searched the black backpack and discovered $75,480.00 in United States currency wrapped in bundles of $2,500.00 increments, consisting of 299 one hundred U.S. dollar bills, 139 fifty U.S. dollar bills, 1931 twenty U.S. dollar bills, and 1 ten U.S. dollar bill.

8.  NYPD officers continued knocking on the door of the MOSQUEA Residence and MOSQUEA then exited the MOSQUEA Residence. He stated, among other things, that the backpack that was thrown from the window was his and that the money inside the backpack was also his.

9.  NYPD officers conducted an ion-scan on the currency which yielded an alarm of sixty-three percent for cocaine traces.

10. A search of police records revealed eighteen prior arrests for narcotic related offenses and seven previous anonymous complaints of drug sales at the building in which MOSQUEA Residence is located.

11. A review of MOSQUEA's criminal history revealed a prior conviction for Criminal Possession of a Controlled Substance in the 7th Degree.

12. NYPD officers seized the $75,480.00 in United States currency and subsequently transferred the currency to the United States Customs and Border Protection for the commencement of administrative forfeiture proceedings.

13. The defendant-in-rem currency is believed to be the proceeds of cocaine sales.

### III. FIRST CLAIM FOR FORFEITURE

14. Incorporated herein are the allegations contained in paragraphs one through thirteen of this Verified Complaint.

15.  Pursuant to Title 21, United States Code, Section 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

16.  The defendant-in-rem currency became, and is, subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) because the defendant-in-rem currency consists of moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the defendant-in-rem currency and that all persons having an interest in the defendant-in-rem currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem currency to the United States of America for disposition according to law, and that this Court

grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       November 26, 2008

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the Plaintiff
                            United States of America

By: _____
      JEFF ALBERTS (JA-9809)
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Telephone: (212) 637-1038

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

    LISA PASKEWITZ, being duly sworn, deposes and says that she is a Detective in the New York City Police Department, and as such has responsibility for the within action; that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her own knowledge, information and belief.

    The sources of deponent's information and the ground of her belief are official records and files of the New York City Police Department, the State of New York, and the United States Government and information obtained directly by deponent during an investigation of alleged violations of Title 21, United States Code.

_____
LISA PASKEWITZ
Detective
New York City Police Department

Sworn to before me this
26th day of November, 2008

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2010