UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

    - v -

$75,480.00 IN UNITED STATES CURRENCY,

        Defendant-in-rem.

**VERIFIED ANSWER**

Docket No. 08 Civ. 10336

**Hon. Shira A. Scheindlin** (J.)

---

**TO THE HONORABLE COURT:**

    Claimant Andy Mosquea ("Claimant"), by his attorney, Steven L. Kessler, Esq., as and for his Verified Answer to the Verified Complaint in Rem dated November 26, 2008 ("the complaint"), respectfully alleges as follows:

    1.    With respect to the allegations set forth in paragraph 1, denies that the defendant currency is subject to forfeiture under any federal or state statute and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

    2.    With respect to the allegations set forth in paragraph 2, admits that certain acts described in the complaint took place within the Southern District of New York, and otherwise denies the allegations set forth in paragraph 2.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

      4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

      5.      With respect to the allegations set forth in paragraph 5, admits that, on or about April 26, 2008, at approximately 5:00 a.m., there was a knock at the door of 20 Avenue D, Apt. No. 2D, New York, 10009, states that, given, *inter alia*, the high-crime characteristics of the immediate area, the time of day, the failure of the person or persons at the door to audibly identify themselves, and the fact that there were apparently no police vehicles parked in front of the building, Claimant reasonably believed that the person or persons were intruders intending to forcibly enter the apartment to commit acts of robbery and bodily harm to Claimant and his family, and otherwise denies the allegations set forth in paragraph 5.

      6.      With respect to the allegations set forth in paragraph 6, admits that upon the reasonable belief that his property was in jeopardy, Claimant quickly arranged to remove the backpack containing his family's savings for a family project by transferring it from the apartment to the possession of a family friend, who positioned himself at the rear of the building to receive the backpack at ground level, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

      7.      With respect to the allegations set forth in paragraph 7, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to

what an NYPD officer allegedly did with respect to the backpack, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the specific number of bills of each denomination of United States currency, states that immediately prior to the seizure of the backpack by persons holding themselves out to be law enforcement personnel, the backpack contained a total of $79,000 in United States currency, and otherwise denies each and every allegation set forth in paragraph 7.

8. With respect to the allegations set forth in paragraph 8, admits that he was informed by persons holding themselves out to be law enforcement personnel that the backpack and the funds in the backpack belonged to him and his family, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10. With respect to the allegations set forth in paragraph 10, admits, upon information and belief, there have been numerous arrests and complaints regarding criminal activity in the area near Claimant's apartment, which, as stated above, was a primary basis for Claimant's assumption that the person or persons knocking at the door at 5:00 a.m. were intruders, not law enforcement personnel, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. With respect to the allegations set forth in paragraph 11, admits that in 2003, Claimant was arrested en route to a party, pled guilty to a misdemeanor, and was sentenced to ten days of community service, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, particularly as Claimant never received a voucher or invoice for the seizure and retention of the defendant funds.

13. Denies each and every allegation set forth in paragraph 13.

14. Repeats and realleges the responses previously made with respect to the allegations set forth in paragraphs 1 through 13 as though fully set forth herein.

15. With respect to the allegations set forth in paragraph 15, refers to the cited statutes for the substance thereof, refers all questions of statutory interpretation to the Court, and otherwise denies each and every allegation set forth in paragraph 15.

16. With respect to the allegations set forth in paragraph 16, refers to the cited statutes for the substance thereof, refers all questions of statutory interpretation to the Court, and otherwise denies each and every allegation set forth in paragraph 16.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

17. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

18.     Plaintiff lacked reasonable cause for the seizure of the defendant property.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

19.     The defendant property is not subject to forfeiture under any federal or state statute as it was not derived from, involved in, the proceeds of, to be used for, or in any other way associated with, any criminal activity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

20.     Continued retention of the defendant property violates 18 U.S.C. § 983(j).

**AS AND FOR A FIRST COUNTERCLAIM**

21.     Claimant repeats and realleges the allegations and responses previously made in paragraphs 1 through 20 as though fully set forth herein.

22.     There is no basis, in law or fact, for this proceeding.  Accordingly, in the event that claimant substantially prevails herein, claimant will be entitled to reasonable attorney's fees and other litigation costs reasonably incurred by the claimant, post-judgment interest, and actual and/or imputed pre-judgment interest on the seized

funds, pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2465.

## AS AND FOR A SECOND COUNTERCLAIM

23. Claimant repeats and realleges the allegations and responses previously made in paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff's seizure and continued retention of the defendant property is not substantially justified as a matter of fact and law.

25. Claimant is therefore entitled to attorneys' fees, costs and interest pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA")

## JURY DEMAND

26. Claimant hereby demands trial by jury on all issues.

**WHEREFORE,** Claimant **ANDY MOSQUEA** prays this Honorable Court will:

1. **DISMISS** Plaintiff's complaint and enter judgment on behalf of Claimant, directing that Plaintiff take nothing in forfeiture by reason of this action, directing that Plaintiff not be legally entitled to recover any property by reason of forfeiture and directing the release and/or return of all property heretofore seized, attached and/or restrained in which Claimant has an interest; and

      2.      **AWARD** Claimant costs, pre- and post-judgment interest and attorneys' fees pursuant to CAFRA and the EAJA; and

      3.      **PROVIDE** such other and further relief, both legal and equitable, as the Court deems just and proper.

Dated:      New York, New York
                January 21, 2009

                                                                    Respectfully submitted,

                                                                  *Steven L. Kessler*

                                                                  _____
                                                                  **STEVEN L. KESSLER** (SK-0426)
                                                                  *Attorney for Claimant*
                                                                   122 East 42nd Street, Suite 606
                                                                  New York, New York 10168
                                                                   (212) 661-1500

To:      Clerk of the Court
         U.S. District Court
         Southern District of New York

         Jeff Alberts
         Assistant United States Attorney
         One St. Andrew's Plaza
         New York, N.Y.  10007

VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

I, **ANDY MOSQUEA,** declare under penalty of perjury that the statements set forth in the attached Verified Answer are true and correct to the best of my knowledge, information and belief.

*Andy Mosquea*
_____
**ANDY MOSQUEA**

Sworn to before me this
21st day of January, 2009

        /s/
_____
Notary Public